UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| MORGAN HOWARTH<br><br>Plaintiff,<br>vs.<br><br>SIDE, INC. D/B/A LOCALIST REALTY and JESSICA DAVIS<br><br>Defendants | CIVIL ACTION # 3:24-cv-7669 |

# PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Morgan Howarth, by and through his undersigned attorneys, respectfully alleges as follows for its complaint against Defendants Side, Inc., and Jessica Davis.

## PARTIES

1. Plaintiff Morgan Howarth ("Plaintiff" or "Howarth") is an individual residing in Gainesville, Virginia

2. Defendant Side, Inc. d/b/a Localist Realty ("Defendant" or "Localist") is a Delaware corporation with its principal place of business at 580 4th Street, San Francisco, California 94107. According to records maintained by the California Secretary of State, Defendant Localist may be served through its registered agent, InCorp Services, Inc., at 5716 Corsa Avenue, Suite 110, Westlake Village, CA 91362.

3. Defendant Jessica Davis ("Defendant" or "Davis") is an individual believed to be living in Temecula, California. Upon information and belief, Davis may be served at her residence at 34878 Heartland Lane, Murrieta, California 92563, or wherever she may be found.

## NATURE OF THE CLAIMS

4. This is an action for copyright infringement arising in connection with the unauthorized commercial exploitation of one of Plaintiff's architectural photographs on Defendants' social media pages.

## JURISDICTION AND VENUE

5. This action arises under 17 U.S.C. §§ 101 *et seq*. (the U.S. Copyright Act). The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question) and § 1338(a) (copyrights).

6. This Court has personal jurisdiction over the Defendants, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that a substantial part of the acts of infringement complained of herein occurred in this District, a substantial part of property that is the subject of the action is situated in this District, and because the Defendants may be found in this District.

## CONDITIONS PRECEDENT

7. All conditions precedent have been performed or have occurred.

## BACKGROUND FACTS

8. Morgan Howarth is a highly regarded architectural photographer based in Virginia. Howarth utilizes a painstaking process which combines multiple exposures to create a rich distinctive result and is highly sought after for his work. Mr. Howarth's expansive client base includes CBS, Timex, Sears, Cole Haan, Home & Design Magazine, Hilton Worldwide, Modern Luxury Magazine, and Marriott International.

9. According to the California Department of Real Estate, Defendant Side, Inc., operates under the fictitious business name Localist Realty, which provides real estate brokerage services in California.[1]

10. Defendant Jessica Davis is a licensed real estate agent with Localist Realty. Davis specializes in residential real estate and claims to work closely with clients to buy and sell homes throughout California while leveraging the support of Localist's brokerage platform.[2]

11. Defendant Localist describes itself as "the only real estate brokerage platform [that] partner[s] with the best agents, teams, and independent brokers to help them create and grow their own businesses."[3] Unlike traditional brokerages, Localist operates behind the scenes, offering agents time-saving technology, compliance support, and business resources, allowing them to focus on building their brands and serving clients. Localist ensures "all transactions are compliant, and agents are in good standing" positioning itself as a strategic growth partner for top-producing agents.[4]

12. Howarth is the sole author and creator of the photo at issue in this action (the "Photo"), a copy of which is set forth below:



---

[1] https://www2.dre.ca.gov/PublicASP/pplinfo.asp?License_id=02014153
[2] https://localistre.com/agents/jessica-davis
[3] https://www.side.com/
[4] https://www.side.com/

13. The Photo was timely registered with the U.S. Copyright Office, which issued registration number VA 2-064-958, effective August 29, 2017. ("**Exhibit 1**").

14. Davis prominently featured the Photo on her Instagram page, as shown below, without any authorization or license to do so.



15. On April 15, 2024, Howarth placed Defendants on notice of Davis' unauthorized use of the Photo. Although the Photo was eventually removed from Davis' social media page, Davis refused even to respond to Plaintiff's notice, and Localist rejected Plaintiff's efforts to settle his claims—thereby leaving him with no alternative but to proceed with this lawsuit.

## COUNT 1: COPYRIGHT INFRINGEMENT

16. Plaintiff realleges and incorporates herein the foregoing paragraphs.

17. By her actions alleged above, Defendant Davis infringed Howarth's copyrights in the Photo. Specifically, by copying, displaying, distributing, and otherwise exploiting the Photo on her Instagram page, Davis infringed Howarth's exclusive rights set forth in 17 U.S.C. § 106.

18. Upon information and belief, Defendant Localist is jointly and severally liable for any direct copyright infringement committed by Defendant Davis because it participated in the

acts of infringement and/or because it determined the policies that resulted in the infringement. *Broad. Music, Inc. v. Tex. Border Mgmt.*, 11 F. Supp.3d 689, 693 (N.D. Tex. 2014) (citing *Crabshaw Music v. K-Bob's of El Paso, Inc.*, 744 F. Supp. 763, 767 (W.D. Tex. 1990)).

19. Upon information and belief, Defendants' actions constituted willful infringement of Howarth's copyrights inasmuch as they knew, or had reason to know, that Davis' use of the Photo was unauthorized; and/or because they acted with reckless disregard of Plaintiff's copyrights. For example, Defendants' reckless failure to ensure that Davis' use of the Photo was authorized and/or to implement any policies for the use of copyrighted works on social media suggests willful infringement. *See, e.g., Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 992 (9th Cir. 2017) (infringer's failure to conduct any inquiry into ownership supported a finding of willfulness); *Hamil America, Inc. v. GFI*, 193 F.3d 92, 97 (2d Cir. 1999) ("The standard is simply whether the defendant … recklessly disregarded the possibility" of infringement).

20. As a result of the foregoing, Howarth is entitled to actual damages, plus Defendants' profits; and/or statutory damages of up to $150,000 per work infringed by Defendants, plus attorney's fees and costs of court. 17 U.S.C. §§ 504, 505.

## COUNT 2: VICARIOUS INFRINGEMENT

21. Plaintiff realleges and incorporates herein the foregoing paragraphs.

22. In addition to, and/or in the alternative to direct infringement, Defendants Davis and Localist are jointly and severally liable for vicarious infringement because they had the right and ability to supervise the infringing activities of their agents, contractors, and representatives (including the person or persons who placed the Photo in Davis' social media), and the practical ability to stop the infringement (by prohibiting the use of the Photo and/or causing the removal of the Photo from Davis' social media), and because they had a direct financial interest in the

infringing activities of their agents, contractors, and representatives by virtue of the business generated through the unlicensed use of the Photo (which Davis used to draw potential customers to her social media, keep them engaged, and induce them to utilize her realtor services) and the saved costs of properly licensing the work. *See., e.g., Playboy Enters., Inc. v. Webbworld, Inc.*, 991 F. Supp. 543, 553 (N.D. Tex. 1997); *Oppenheimer v. Deiss*, No. A-19-CV-423-LY, 2019 U.S. Dist. LEXIS 208728, at *6 (W.D. Tex. Dec. 3, 2019).

23. In connection with the foregoing, it is important to note that Localist not only had the right and ability to supervise the infringing activities at issue, it had a *legal obligation* to do so. Under the California Code of Regulations, a responsible broker is obligated to exercise reasonable supervision over the activities of its salespersons and broker associates acting in the capacity of a salesperson, including the advertising of any service for which a license is required. Cal. Code Regs., tit 10, § 275. Inasmuch as Davis utilizes her social media account to advertise her services as a realtor, Localist was therefore responsible for supervising her activities on that platform. *Id.* [5]

24. Upon information and belief, Defendants' actions constituted willful infringement of Plaintiff's copyrights inasmuch as they knew, or had reason to know, that their use and display of the Photos required prior authorization and/or because they acted with reckless disregard of Plaintiff's copyrights; and/or because they exhibited willful blindness to the possibility that they were infringing Plaintiff's copyrights.

---

[5] *See* https://www.nar.realtor/social-media (discussing the importance of social media in generating real estate leads); Sanette Tanaka, *20 Seconds for Love at First Sight*, Wall Street Journal, March 21, 2013, https://www.wsj.com/articles/SB10001424127887324077704578360750949646798 (noting that homebuyers spend 60% of their time reviewing photographs). *See, also Playboy Enters., Inc. v. Webbworld, Inc.*, 968 F. Supp. 1171, 1177 (N.D. Tex. 1997) (where the court found that the plaintiff's photographs acted as a draw for customers by enhancing "the attractiveness of [defendant's] website to potential customers.").

25. As a result of the foregoing, Plaintiff is entitled to actual damages, and any additional profits of Defendants; or statutory damages of up to $150,000 per work infringed, plus attorney's fees and costs of court. 17 U.S.C. §§ 504, 505.

## PRAYER

Plaintiff Howarth prays for:

A. An order that Defendants and all persons under their direction, control, permission or authority be enjoined and permanently restrained from exploiting the photograph at issue;

B. For each work infringed by Defendants, an award of actual damages and/or statutory damages under 17 U.S.C. § 504(c);

C. An award to Plaintiff of its reasonable costs and attorney's fees under 17 U.S.C. §§ 505 and 1203(b)(4) & (5)

D. Prejudgment and post-judgment interest on any damage award as permitted by law; and

E. Such other and further relief as the Court may deem just, proper and/or necessary under the circumstances.

>Respectfully submitted,
>
>**AMINI & CONANT, LLP**
>
>By: /s/ Neema Amini
>Neema Amini
>California Bar No. 296867
>2323 Lincoln Boulevard
>Santa Monica, California 90405
>t: (512) 222-6883
>f: (512) 900-7967
>neema@aminiconant.com
>
>and
>
>R. Buck McKinney (*to be admitted pro hac vice*)

Texas Bar No. 00784572
1204 San Antonio Street, Second Floor
Austin, Texas 78701
t: (512) 222-6883
f: (512) 900-7967
service@aminiconant.com
buck@aminiconant.com

*Counsel for Plaintiff*



# Certificate of Registration

This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Kayrn Temple Claggett*

Acting United States Register of Copyrights and Director

**Registration Number**

**VA 2-064-958**

**Effective Date of Registration:**
August 29, 2017

**EXHIBIT 1**

## Title

**Title of Work:** Group Registration Photos, Howarth, published Jan. 25, 2017 to Aug. 28, 2017; 315 photos

## Completion/Publication

**Year of Completion:** 2017
**Date of 1st Publication:** January 25, 2017
**Nation of 1st Publication:** United States

## Author

- **Author:** Morgan Howarth
  **Author Created:** photograph
  **Work made for hire:** No
  **Citizen of:** United States
  **Domiciled in:** United States
  **Year Born:** 1956

## Copyright Claimant

**Copyright Claimant:** Morgan Howarth
13520 ,Norwick Place, Gainesville, VA, 20155

## Rights and Permissions

**Name:** Morgan Howarth
**Email:** morgan@morganhowarth.com
**Telephone:** (240)377-1766
**Address:** 13520 ,Norwick Place
Gainesville, VA 20155 United States

## Certification

**Name:** Morgan Howarth
**Date:** August 29, 2017